**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JOHN GING

        Plaintiff**,**

                            **Case No.:** `11-cv-2313 JTM/DJW`

v.

NATIONAL MANAGEMENT RECOVERY CORP.,

        Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### <u>JURISDICTION</u>

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### <u>VENUE</u>

3.    Venue is proper in this District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in the Judicial District.

6.    Defendant transacts business in this Judicial District.

7.    The Defendant regularly collects debts by telephone and the mails within this Judicial District.

### <u>PARTIES</u>

8.    Plaintiff, John Ging, is a natural person.

9.    Plaintiff resides in the City of Hutchinson, County of Reno, State of Kansas.

10.   The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11.   The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq.

12.   Defendant National Management Recovery Corp. is a foreign corporation with no listed Kansas resident agent.

13.   Defendant operates from an address of 5571 N. University Drive, Suite 203, Coral Springs, Florida 33067.

14.   The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15.   The principal business of the Defendant is the collection of debts using the mails and telephone.

16.   Defendant regularly attempts to collect debts due another.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

17.   Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the "Account").

18.   The Account was allegedly not paid and it went into default with the creditor.

19.   Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

20.   The Plaintiff disputes the Account.

21.   The Plaintiff requests Defendant cease all communication with him personally on the Account.

22.    In the year prior to the filing of the instant action, the Plaintiff participated in telephone calls with and received voicemails from representatives, employees and/or agents of the Defendant who were attempting to collect the Account.

23.    These telephone calls and voicemails each individually constituted a "communication" as defined by FDCPA § 1692a(2).

24.    Upon information and belief, Defendant possesses recordings of its communications with Plaintiff.

25.    Upon information and belief, Defendant possesses telephone logs and/or electronic records of its communications with Plaintiff.

26.    During the communications, representatives, employees and/or agents of the Defendant failed to meaningfully disclose the caller's identity in violation of 15 U.S.C. §1692d preface and d(6).

27.    During the communications, representatives, employees and/or agents of the Defendant failed to identify itself as a debt collector or that it was attempting to collect a debt in violation of 15 U.S.C. §1692e preface and e(11).

28.    During the communications, representatives, employees and/or agents of the Defendant falsely stated that "you have a case pending in my office" and gave a false case number in violation of 15 U.S.C. §1692e preface, e(3), e(5) and e(10)

29.    The Defendant and its representatives, employees and/or agents above-listed statements and actions constitute unfair practices and violate 15 U.S.C. § 1692f.

30.    As a consequence of the Defendant's collection activities and pursuant to FDCPA § 1692k the Plaintiff is entitled to damages, reasonable attorney's fees and costs.

## RESPONDEAT SUPERIOR

31.    The representatives and/or collectors at the Defendant were employees of and

agents for the Defendant, were acting within the course and scope of their

employment at the time of the incidents complained of herein and were under the

direct supervision and control of the Defendant at all times mentioned herein.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.    A finding that the Defendant violated the FDCPA and/or an admission from the

Defendant that it violated the FDCPA.

2.    Damages pursuant to 15 U.S.C. § 1692k(a).

3.    Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,


 /s/ J. Mark Meinhardt
 J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF